[NOT YET SCHEDULED FOR ORAL ARGUMENT]

## NO. 24-7027

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

DARIAN MCKINNEY,

Appellant,

v.

DISTRICT OF COLUMBIA,

Appellee.

---

## BRIEF OF APPELLANT

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE NO. 22-cv-02137
JUDGE AMY BERMAN JACKSON


/s/ Leslie McAdoo Gordon
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

*Attorney for Appellant McKinney*

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

### <u>Parties:</u>

1.  The following parties appeared in the District court:

    - Darian McKinney                          Plaintiff/Appellant

    - District of Columbia                  Defendant/Appellee.

2.  There were no amici in the District Court.

### <u>Rulings Under Review:</u>

Appellant, Darian McKinney, seeks review of the January 31, 2024 decision, with memorandum, by the Honorable Amy Berman Jackson, granting Appellee's motion to dismiss his Complaint.

### <u>Related Cases:</u>

1.  This case has not previously been before this Court.

2.  The case was originally filed in the Superior Court of the District of Columbia, but was removed by the Defendant/Appellant to the U.S. District court below.

3.  Otherwise, the case has not previously been before any other court.

4. Appellant's counsel is not aware of any other related case in this

Court.

Dated:  June 10, 2024                    Respectfully submitted,


/s/ Leslie McAdoo Gordon
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

*Attorney for Appellant McKinney*

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES.................................................................................ii

TABLE OF CONTENTS.............................................................iv

TABLE OF AUTHORITIES.....................................…..................v

JURISDICTIONAL STATEMENT ............................................... 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................... 1

STATUTES AND REGULATIONS ............................................. 1

STATEMENT OF FACTS ........................................................ 2

SUMMARY OF APPELLANT'S ARGUMENT.................................. 9

ARGUMENT ..................................................................... 11

I.  STANDARD OF REVIEW ................................................. 11

III.  The Complaint States Procedural Due Process Claims................. 17

    A.    Mr. McKinney's interest in his original DCPS job provides the basis for a due process claim ................................ 18

    B.    Mr. McKinney had a protected interest in his eligibility for the DCPS positions for which he applied ................................ 20

    C.    Mr. McKinney had a protected interest in the jobs at Kelly Miller and Eliot Hine ................................................ 22

III.  The Complaint States A Liberty Interest Due Process Claim........ 24

CONCLUSION ................................................................... 27

CERTIFICATE OF COMPLIANCE............................................ 28

CERTIFICATE OF SERVICE.................................................. 29

# TABLE OF AUTHORITIES

**Cases**

*Abdelrhman v. Ackerman,* 76 A.3d 883 (D.C. 2013) .............................. 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................... 11

*Association of Accredited Cosmetology Schools v. Alexander*, 979 F.2d 859 (D.C. Cir. 1992) .............................................................................. 21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................... 11

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) .......... 17

*Brown v. Brienen*, 722 F.2d 360 (7th Cir. 1983)..................................... 18

*Brown v. Sessoms*, 774 F.3d 1016 (D.C. Cir. 2014) ................................. 13

*\*Cancel v. N.Y. City Human Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42 (2d Cir. 2013).................................................................... 10, 23

*Doe v. George Washington Univ.*, 366 F.Supp.3d 1, (D.D.C. 2018) ....... 14

*\*Entergy Arkansas, Inc. v. Nebraska*, 225 F.Supp.2d 1047 (D. Neb. 2002) ...................................................................................................... 16

*Goldstein v. Johnson & Johnson*, 251 F.3d 433 (3d Cir. 2001) ............. 15

*Hais v. Smith,* 547 A.2d 986 (D.C. 1988) ................................................ 13

*Hall v. Ford*, 856 F.2d 255 (D.C. Cir. 1988)........................................... 18

*\*Hargray v. City of Hallandale*, 57 F.3d 1560 (11th Cir. 1995)............. 18

*\*Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206 (2d Cir. 2003) ......................................................................................................... 20, 25

*Hettinga v. United States*, 677 F.3d 471 (D.C. Cir. 2012)...................... 11

*\*Kartseva v. Department of State*, 37 F.3d 1524 (D.C. Cir. 1994)... 10, 24

*Lea v. District of Columbia*, No. CV 22-1396 (JEB), 2022 WL 3153828 (D.D.C. Aug. 8, 2022)............................................................................ 26

*Miller v. Harney County School Dist. No. 4*, 2008 WL 2783500, at \*2 (D. Or. 2008) ............................................................................................... 16

*Paul v. Howard Univ.*, 754 A.2d 297 (D.C. 2000) ................................... 13

*Payne v. Salazar*, 619 F.3d 56 (D.C. Cir. 2010) ...................................... 11

*Perry Capital LLC v. Mnuchin*, 864 F.3d 591 (D.C. Cir. 2017).............. 15

*\*Stana v. School Dist. of City of Pittsburgh*, 775 F.2d 122 (3d Cir. 1985)
.................................................................................................... 17, 25

*Stone  v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167 (4th Cir.
1988) ...................................................................................................... 18

*Sundberg v. TTR Realty, LLC*, 109 A.3d 1123 (D.C. 2015) ................... 13

*\*United States v. Jones*, 58 F.3d 688 (D.C. Cir. 1995) .......................... 15

*Walsh v. Zurich Am. Ins. Co.*, 853 F.3d 1 (1st Cir. 2017) ...................... 15

## Statutes

28 U.S.C. § 1291 ...................................................................................... 1

28 U.S.C. § 1332 ...................................................................................... 1

## Other Authorities

Restatement (Second) of Contracts, § 205 ............................................. 13

Restatement (Second) of Contracts § 205 & cmt. a ............................... 15

## JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1332.  On January 31, 2024, the district court issued a Memorandum Opinion and Order granting Appellee's motion to dismiss.  Appellant Darian McKinney filed a timely notice of appeal on March 1, 2024.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the district court erred in dismissing Mr. McKinney's claims for breach of contract and deprivation of due process.

## STATUTES AND REGULATIONS

There are no pertinent statutes or regulations in this case.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Mr. McKinney is a health and physical education teacher certified to teach in the District of Columbia and the state of Maryland. (Compl. ¶¶ 8–9; JA0004-0005). He was employed as a teacher in the D.C. Public Schools ("DCPS") for four school years, from 2015 thru 2018. (Compl. ¶ 12: JA0005). As part of his hiring process in 2015, DCPS conducted a routine background check. (Compl. ¶ 13; JA0005). It informed Mr. McKinney that he failed the background check, but he successfully appealed that determination to the D.C. Commission on Human Rights and began teaching at a school in the District in 2015. (Compl. ¶¶ 14–15; JA0005).

During the 2018 school year, a separate dispute arose between Mr. McKinney and DCPS, which they litigated administratively. (Compl. ¶ 17; JA0006). Mr. McKinney was placed on administrative leave in the summer of 2019. (Compl. ¶¶ 17–18; JA0006).

During the summer of 2019, while Mr. McKinney was still a DCPS employee and in the midst of the administrative litigation, he was offered a job at Kelly Miller Middle School ("Kelly Miller"). He accepted the position, and his name was submitted for administrative processing.

(Compl. ¶¶ 19-21; JA0006).  He was then advised that he had failed the background check.  He again appealed successfully to the Commission on Human Rights.  (Compl. ¶¶ 22-25; JA0006-0007).  But, by then he was advised that the position at Kelly Miller was no longer available.  (Compl. ¶ 26; JA0007).[1]

On November 1, 2019, Mr. McKinney and DCPS resolved all of the issues between them by entering into a written settlement agreement ("Settlement Agreement").  (Compl. ¶ 27; JA0007).  *See* Settlement Agreement, Ex. 1 to Mot. [Dkt. # 7-1].  (JA0024).  Pursuant to this agreement, Mr. McKinney resigned from his employment with DCPS with a retroactive effective date of August 27, 2019.  However, the agreement provided that Mr. McKinney could apply for DCPS teaching positions starting in the 2020 school year, and that if he was rehired within one year of the agreement, there would be no break in his service for pension or salary purposes, and all his forfeited sick leave would be

---

[1] The district court's decision omits any discussion of this episode, in which Mr. McKinney - for a second time - successfully appealed a supposedly failed background check to the Commission on Human Rights.  This episode sheds considerable light on the events that followed, however.

restored to him.  (Compl. ¶¶ 29–30; JA0007-0008; Settlement Agreement items 1, 4, 5 and 7; JA0024-0025).

In July 2020, the principal of Kelly Miller contacted Mr. McKinney about a teaching vacancy.  (Compl. ¶ 31; JA0008).  Mr. McKinney interviewed for the position and received an offer, which he accepted, so his name was submitted to DCPS for administrative processing.  (Compl. ¶¶ 32–33; JA0008).  In August 2020, the "DCPS Career Office" informed Mr. McKinney in an email that the DCPS Office of Security found him ineligible because of a "failed" background check.  (Compl. ¶ 34; JA0008).

The Complaint alleges that DCPS did not in fact conduct a background check, and that there was no legitimate basis for Mr. McKinney to have failed one.  (Compl. ¶¶ 35–36: JA0008).  It further alleges that Mr. McKinney sought to appeal the supposedly failed background check determination by repeatedly contacting DCPS, but that DCPS never responded and did not provide him with an actual written determination of ineligibility nor a process for appeal.  (Compl. ¶ 49; JA0010).

In early 2021, Mr. McKinney again applied for various positions at DCPS but he received an email from DCPS in February 2021 that he had

been deemed ineligible for hire due to a failed background check even though he had not yet interviewed for positions, or received and accepted an offer, nor had his name been formally submitted for processing to be hired. (Compl. ¶¶ 50-52; JA0011). This supposed background check failure prevented Mr. McKinney's applications from being considered and leading to interviews and potential job offers. (Compl. ¶ 53; JA0011).

However, Mr. McKinney never received any mailed written determination and advice of rights from the DCPS Office of Security with respect to any of the alleged "failed" background checks for these 2021 positions. In fact, no background check was actually conducted on Mr. McKinney in early 2021. Nor was there any legitimate basis on which he could have failed such a check. (Compl. ¶¶ 54-56; JA0011-0012).

Mr. McKinney repeatedly contacted DCPS personnel in an attempt to clear up the background check issue but received no response. He also contacted DCPS signatories to the Settlement Agreement seeking their assistance and advising them that he believed DCPS was in violation of the Settlement Agreement, but he again received no response. (Compl. ¶¶ 57–60; JA0012).

In the spring of 2021, Mr. McKinney applied and interviewed for a teaching position at Eliot Hine Middle School ("Eliot Hine"). (Compl. ¶¶ 61–63; JA0012). After he accepted a offer to teach there, his name was submitted for the administrative hiring process. (Compl. ¶ 64; JA0013). But the DCPS Career Office advised him in a May 2021 email that the DCPS Office of Security had again determined that he was ineligible for hire due to a "failed" background check. (Compl. ¶ 65; JA0013). In fact, no background check had actually been conducted and there was no legitimate basis on which he could have failed such a check. Mr. McKinney was again unable to appeal this supposedly failed background check to the Commission on Human Rights because DCPS never provided him with the necessary materials and process. (Compl. ¶¶ 66–70; JA0013).

On May 20, 2022, Mr. McKinney filed a seven-count complaint against the District of Columbia ("District") in the Superior Court of the District of Columbia. The District removed the case to the court below.

Counts One, Two, and Three of the Complaint allege DCPS breached the Settlement Agreement, including the implied covenant of good faith and fair dealing, by falsely claiming Mr. McKinney had failed

the background check, and by not permitting him to appeal that alleged failure, with respect to: the 2020 application for the position at Kelly Miller (Count One); the positions for which Mr. McKinney applied but had not even interviewed in 2021 (Count Two); and the 2021 application for the position at Eliot Hine (Count Three). Counts Four, Five, and Six allege due process violations based on DCPS's actions with respect to these applications: Kelly Miller (Count Four); the 2021 applications (Count Five); and Eliot Hine (Count Six). Count Seven alleges violation of Mr. McKinney's "right to due process to protect a liberty interest by falsely labeling him as someone who presents a danger to children and youth, and who is ineligible to teach in D.C., and failing to provide him an appeals process to redress that labeling." (Compl. ¶ 115; JA0021).

On September 26, 2022, the District moved below to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). On January 31, 2024, the district court granted this motion. The district court dismissed the breach of contract claims on the ground that DCPS's duty of good faith and fair dealing only obligated it to refrain from doing anything which would destroy or injure Mr. McKinney's right to re-apply for employment, and that he had been able to re-apply. (Op. at 9;

7

JA0037). The court dismissed the procedural due process claims on the ground that Mr. McKinney had failed to allege a cognizable property interest. (*Id.* at 11-12; JA0039-0040). Finally, the court dismissed Mr. McKinney's reputation-based due process claim on the ground that it failed to satisfy either a "reputation-plus" or a "stigma" theory. (*Id.* at 12-15; JA0040-0043).

This appeal followed.

## SUMMARY OF APPELLANT'S ARGUMENT

The Complaint states claims for breach of the Settlement Agreement. Mr. McKinney's contractual right to apply for re-employment with DCPS included an implied right to have DCPS consider his application(s) fairly and in good faith. The Complaint alleges that, in breach of that obligation, DCPS arbitrarily rejected all of Mr. McKinney's job applications on the spurious ground that he had failed the background check, without providing any details or the ability to appeal the supposed background check determination.

The Complaint also states procedural due process claims because it alleges several cognizable property interests on which to ground such a claim. First, Mr. McKinney had a constitutionally protected interest in his original job with DCPS. A public employee is deprived of due process if a public employer secures his resignation through deceit or misrepresentation. Here the complaint alleges that DCPS inveigled Mr. McKinney to resign by making contractual promises that it then repeatedly ignored.

Second, Mr. McKinney had a vested right in his eligibility to be rehired. The Settlement Agreement promised him that he was eligible

9

for reemployment at DCPS absent a legitimate reason for disqualification. By arbitrarily rejecting all of Mr. McKinney's applications, DCPS deprived him of a protected property interest – his eligibility for rehire -- without due process.

Third, Mr. McKinney had a protected interest in the jobs at Kelly Miller and Eliot Hine, each of which he was offered and had accepted subject to completion of the administrative hiring process at DCPS, including the background check. The complaint "allege[s] a legitimate claim of entitlement to [these] position[s], subject only to the completion of ministerial tasks prior to his start date." *Cancel v. N.Y. City Human Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 45 (2d Cir. 2013).

Finally, the Complaint states a claim that DCPS deprived Mr. McKinney of a due process liberty interest in his reputation by falsely labeling him as someone who presents a danger to children and youth, and who is ineligible to teach in D.C., and failing to provide him an appeals process to redress that labeling. These allegations establish a "stigma" theory claim under this Court's decision in *Kartseva v. Department of State*, 37 F.3d 1524 (D.C. Cir. 1994).

10

# ARGUMENT

## I.    Standard Of Review

"This court reviews de novo a dismissal for failure to state a claim under Rule 12(b)(6)." *Payne v. Salazar*, 619 F.3d 56, 59 (D.C. Cir. 2010).

To survive a Rule 12(b)(6) motion, the complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).

## II.     The Complaint States Claims For Breach Of Contract

Mr. McKinney was a DCPS employee when he entered into the Settlement Agreement, and the principal consideration he gave to DCPS in that agreement was his resignation.  Indeed, his resignation was the only consideration Mr. McKinney gave in the Settlement Agreement apart from his waiver and release of claims.  In return, he bargained for and obtained the right to apply for re-employment the following year and the contingent rights, if he was hired, to retain his accrued retirement and leave benefits.

By entering into the settlement agreement, Mr. McKinney obtained three legal rights beyond those possessed by ordinary applicants for employment with DCPS.  First, he gained the right to have his otherwise forfeited leave restored to him, if he were hired.  Second, he gained the right to have his service treated as if there had been no break for retirement purposes, if he were hired.  Third, he gained a contractual right to re-apply, which included, by operation of law, an implied right to have his application(s) for employment considered by DCPS fairly and in good faith.

"All contracts in the District of Columbia 'contain an implied duty of good faith and fair dealing, which means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Brown v. Sessoms*, 774 F.3d 1016, 1025 (D.C. Cir. 2014) (quoting *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000)). "A party breaches this covenant if it 'evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party' to the contract." *Id.* (quoting *Paul*).

This covenant precludes a party from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract...." *Abdelrhman v. Ackerman,* 76 A.3d 883, 891 (D.C. 2013) (quoting *Hais v. Smith,* 547 A.2d 986, 987 (D.C. 1988)). "'Subterfuges and evasions violate the obligation of good faith in performance ... [b]ut the obligation goes further: bad faith may be overt or consist of inaction, and fair dealing may require more than honesty.'" *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1133 (D.C. 2015) (quoting Restatement (Second) of Contracts, § 205). "[T]he duty of good faith and fair dealing is an interpretive lens through which courts evaluate the

13

parties' reasonable expectations for the fulfillment of the terms of the contract." *Doe v. George Washington Univ.*, 366 F.Supp.3d 1, 8 (D.D.C. 2018).

The district court ruled that the Settlement Agreement did "not create any obligation or duty for the District to rehire the plaintiff." (Op. at 8; JA0036). But Mr. McKinney never claimed that it did.

Rather, he asserted that the agreement gave him a right to have DCPS consider his application(s) for employment fairly and in good faith. The district court rejected that claim as well, asserting that the agreement did not confer on Mr. McKinney "any rights related to the hiring process or any related background checks." (*Id.*) It reasoned that DCPS's duty of good faith and fair dealing only obligated the agency to refrain from doing anything which would destroy or injure Mr. McKinney's right to re-apply for employment, and that he had been allowed to re-apply. (*Id.* at 9; JA0037).

The district court's reasoning does not survive scrutiny. It turns Mr. McKinney's contractual right to re-apply for employment with DCPS into an empty formality that left DCPS free to arbitrarily reject his

application once it was submitted.  This is the antithesis of the covenant of good faith and fair dealing.

Good faith and fair dealing obliges a contracting party to make "an honest and fully informed evaluation" of whether the other party is entitled to a discretionary contractual benefit. *United States v. Jones*, 58 F.3d 688, 692 (D.C. Cir. 1995).  Thus, where a plea agreement provides for a possible sentencing reduction if the defendant provides substantial assistance in investigating or prosecuting another person, the prosecutor is required to make an honest and fully informed evaluation of the defendant's assistance.  *See id.*

"Ordinary contract principles require that, where one party is granted discretion under the terms of the contract, that discretion must be exercised in good faith—a requirement that includes the duty to exercise the discretion reasonably." *Goldstein v. Johnson & Johnson*, 251 F.3d 433, 444 (3d Cir. 2001) (citing the Restatement (Second) of Contracts § 205 & cmt. a)); *see also Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 631 (D.C. Cir. 2017) (stating the same under Delaware and Virginia law; *Walsh v. Zurich Am. Ins. Co.*, 853 F.3d 1, 14 (1st Cir. 2017) (stating the same under New Hampshire law).

Accordingly, courts have had no difficulty in concluding that a contractual right to submit an application includes an implied right to have that application considered fairly and reasonably. *See Entergy Arkansas, Inc. v. Nebraska*, 225 F.Supp.2d 1047, 1143 (D. Neb. 2002). In a case analogous to this one, a plaintiff who entered into an agreement with school districts guaranteeing her the right to apply for any vacant custodial position was held to have an objectively reasonable expectation, protected by the implied covenant of good faith and fair dealing, that the school districts would treat her fairly in the application process. *See Miller v. Harney County School Dist. No. 4*, 2008 WL 2783500, at *2 (D. Or. 2008).

In this case, DCPS retained some discretion under the Settlement Agreement as to whether it would rehire Mr. McKinney. But the implied covenant of good faith and fair dealing required DCPS to exercise its discretion reasonably and fairly.

The Complaint plainly states a claim for breach of the duty of good faith and fair dealing by alleging that DCPS arbitrarily rejected all of Mr. McKinney's job applications on the spurious ground that he had failed the background check and then denying him any ability to appeal

the supposed background check determination to the neutral
Commission on Human Rights where he had previously prevailed against
the District twice on precisely that issue. The district court erred in
ruling otherwise.

## III.    The Complaint States Procedural Due Process Claims

The Complaint also states viable claims that Mr. McKinney was
denied procedural due process by DCPS. The district court incorrectly
ruled that he failed to allege a cognizable property interest on which to
ground such a claim.

The "property" that is safeguarded by the due process clause may
be "created ... by existing rules or understandings that stem from an
independent source such as state law—rules or understandings that
secure certain benefits and that support claims of entitlement to those
benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577
(1972). Property interests can arise from "'mutually explicit
understandings' between a government employer and employee." *Stana
v. School Dist. of City of Pittsburgh*, 775 F.2d 122, 126 (3d Cir. 1985). "In
all cases, the relevant inquiry is whether the claimant has a 'legitimate
claim of entitlement.'" *Id.* (quoting *Roth*, 408 U.S. at 577).

17

A.    Mr. McKinney's interest in his original DCPS job provides the basis for a due process claim

A public employee whose employment is terminated in breach of contract has been deprived of a property interest. *See Brown v. Brienen*, 722 F.2d 360, 364 (7th Cir. 1983); *see also Hall v. Ford*, 856 F.2d 255, 265 (D.C. Cir. 1988). Likewise, an employee is deprived of due process if a public employer secures his resignation through deceit or misrepresentation. "[T]here are two situations in which an employee's resignation will be deemed involuntary, and thus a deprivation of due process: (1) where the employer forces the resignation by coercion or duress; or (2) where the employer obtains the resignation by deceiving or misrepresenting a material fact to the employee." *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) (citations omitted); *see also Stone  v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 174 (4th Cir. 1988) ("resignations have been found involuntary, hence, per our analysis, 'deprivations' of property, in two circumstances: (1) where obtained by the employer's misrepresentation or deception, and (2) where forced by the employer's duress or coercion.") (citations omitted).

Here Mr. McKinney had a constitutionally protected interest in his original job with DCPS.  He was engaged in administrative litigation

with DCPS (*i.e.*, exercising his due process rights safeguarding that job) at the time he entered into the Settlement Agreement. DCPS induced Mr. McKinney to resign his employment <u>by promising that he could re-apply for employment</u> the following year and, if he was re-hired, he would retain his accrued retirement and leave benefits. However, post-settlement, DCPS proceeded to repeatedly foil Mr. McKinney's applications to re-regain employment. In sum, the Complaint alleges that DCPS inveigled Mr. McKinney to resign by making contractual promises that it then ignored. Doing so plainly states a viable due process claim.

The district court focused on the teaching positions for which Mr. McKinney applied following his resignation and reasoned that he did not have a claim of entitlement protected by due process to those positions. But that perspective is too narrow – the court examined only the second step of the maneuver DCPS utilized to deprive Mr. McKinney of due process – failing to respect his vested eligibility right, while ignoring the first step of the dance – inducing him to resign his current position in which he had a property interest, with the promise of a right to re-apply.

19

The facts alleged in the Complaint support not only the conclusion that DCPS breached its contractual obligations to Mr. McKinney under the Settlement Agreement as alleged in the earlier counts of the Complaint, but also that the agency deprived Mr. McKinney of due process by inducing him to resign in exchange for the right to re-apply, which it then completely frustrated, as alleged in the latter counts.

### B.    Mr. McKinney had a protected interest in his eligibility for the DCPS positions for which he applied

Furthermore, contrary to the district court's conclusion, Mr. McKinney also had a protected property interest in his eligibility for the various teaching positions for which he applied following his resignation.  The court erroneously treated Mr. McKinney as any other ordinary DCPS job applicant, without considering the full context in which his claims arise.

The conclusion that Mr. McKinney had a protected interest is his eligibility to be rehired by DCPS is supported by the decisions in *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206 (2d Cir. 2003) and the Third Circuit case, *Stana*, *supra*.

In *Harhay*, a teacher lost her job as a result of a budget cut-back. Under a collective bargaining agreement, she had a right to be appointed to any position that became vacant for which she was qualified. When another teacher retired early, she sought his position but the board of education instead hired a long-term substitute teacher. She filed suit and the Second Circuit held that she "had a property interest in her reappointment to a vacant position of which she could not be deprived without due process." *Id.* at 213.

Similarly, in *Stana*, the Third Circuit held that a teacher had a legitimate claim of entitlement to remain on the eligibility list from which teachers were hired, and that she could not be removed from that list without notice and an opportunity to be heard. 775 F.2d at 126-28.

Thus, the issue here is whether Mr. McKinney had a vested right in his *eligibility to be rehired* - which then supports a due process claim. In *Association of Accredited Cosmetology Schools v. Alexander*, 979 F.2d 859 (D.C. Cir. 1992), this Court held that plaintiff schools lacked a "vested right" to future eligibility to participate in the Guaranteed Student Loan program because "[n]owhere in the Program Participation Agreements are member schools promised or even led to believe that

21

there will be no background changes in the federal law governing the GSL program." *Id.* at 864.

Here, in contrast, the Settlement Agreement created and guaranteed Mr. McKinney's eligibility for re-employment at DCPS. He had a vested, contractual right to that eligibility, and a concomitant right to have his application accepted and fairly considered by DCPS. By arbitrarily rejecting all of Mr. McKinney's applications, DCPS deprived him of his protected property interest – his eligibility for rehire -- without due process. The Complaint clearly stated this claim.

### C.    Mr. McKinney had a protected interest in the jobs at Kelly Miller and Eliot Hine

Finally, Mr. McKinney had a protected interest in the jobs at Kelly Miller and Eliot Hine. The Complaint alleges that Mr. McKinney interviewed for each of these positions and was offered and accepted the position. (Compl. ¶¶ 32–33; JA0008; Compl. ¶¶ 61–64; JA0012-0013). Thereafter, his name was submitted for the purely administrative hiring process at DCPS, including the background check which supposedly led to the job offer being withdrawn. The Second Circuit has held that virtually identical allegations are sufficient to state a due process claim.

In *Cancel v. N.Y. City Human Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42 (2d Cir. 2013), the complaint alleged that plaintiff was offered a paralegal aide position by the city at the end of an interview, signed a form accepting it, and was instructed to return for processing prior to his start date. Thereafter he was asked to submit certified dispositions of his convictions, which led to the job offer being withdrawn. The Second Circuit concluded that "these pleadings allege a legitimate claim of entitlement to the Paralegal Aide position, subject only to the completion of ministerial tasks prior to his start date." *Id.* at 45. Here, Mr. McKinney has a comparable claim of entitlement to the positions at Kelly Miller and Eliot Hine. The "failed background checks" that supposedly caused those offers to be withdrawn were ministerial tasks with no element of discretion.

In summary, the facts alleged in the Complaint state three cognizable property interests that support due process claims by Mr. McKinney: (1) his interest in his original job with DCPS; (2) his interest in his contractually guaranteed eligibility for all of the vacant positions for which he applied; and (3) his interest in the jobs at Kelly

Miller and Eliot Hine, which he had already accepted. Thus, the Complaint states viable claims for deprivation of due process.

### III.   The Complaint States A Liberty Interest Due Process Claim

Finally, the Complaint states a valid claim that DCPS deprived Mr. McKinney of a due process liberty interest in his reputation "by falsely labeling him as someone who presents a danger to children and youth, and who is ineligible to teach in D.C., and failing to provide him an appeals process to redress that labeling." (Compl. ¶ 115; JA0021).

The district court expressed sympathy with Mr. McKinney's concern that this false, adverse information will be disclosed publicly, including to the State of Maryland, as part of his mandatory D.C. teaching certificate renewal process. (Op. at 15; JA00043). Nonetheless, the court ruled that the Complaint fails to state a claim under the stigma theory because it does not allege that "he has been effectively 'foreclosed' from some category of work." (*Id.* at 14; JA00042). The court's reasoning is flawed.

In *Kartseva v. Department of State*, 37 F.3d 1524 (D.C. Cir. 1994), an employee of a government contractor was fired after the State

24

Department expressed security concerns about her and declared her
ineligible to work on its contract.  The Department, however, declined to
provide her with an explanation of its concerns or opportunity to respond
to the underlying charges.  The employee sued the Department for a
denial of due process and this Court ruled that her complaint stated a
cause of action for a violation of her liberty interest.  The Court explained
that "if State's action formally or automatically excludes Kartseva from
work on some category of future State contracts or from other
government employment opportunities, that action changes her formal
legal status and thus implicates a liberty interest."  *Id.* at 1528.  The
Court added that, "if State's action does not have this *binding* effect, but
nevertheless has the *broad* effect of largely precluding Kartseva from
pursuing her chosen career as a Russian translator, that, too, would
constitute a 'status change' adequate to implicate a liberty interest."  *Id.*
(emphasis in the original).

Mr. McKinney's case is directly analogous to *Kartseva*.  DCPS's
actions have excluded him from any teaching job with the agency,
bringing this case within the first category outlined in *Kartseva*.  The
district court erroneously focused on the second category and concluded

that Mr. McKinney does not state a "broad effect" claim because he has been able to teach in Maryland even if he has been precluded from teaching in D.C.

The district court's decision is also at odds with *Lea v. District of Columbia*, No. CV 22-1396 (JEB), 2022 WL 3153828 (D.D.C. Aug. 8, 2022). In *Lea*, an attorney was offered a General Counsel position in the D.C. government but, two weeks later, the District revoked it based on a finding that she was not "suitable" for the position. Thereafter, she applied for other legal jobs in the D.C. government without success. She filed suit and alleged that the unsuitability determination, memorialized in her personnel file, is a scarlet letter that bars her from finding government employment. The court denied a motion to dismiss, holding that the allegations stated a "stigma" cause of action under *Kartseva*. *Id.* at *6.

The Complaint alleges facts that are materially indistinguishable from *Kartseva* and *Lea*. Accordingly, it states a valid due process liberty interest claim under the stigma theory. The district court erred in ruling otherwise.

26

## CONCLUSION

The district court erred in dismissing Mr. McKinney's claims for breach of the settlement agreement, deprivation of due process, and violation of his liberty interest.  Its decision should be reversed.


Dated:  June 10, 2024                Respectfully submitted,


                                     /s/ Leslie McAdoo Gordon
                                     Leslie McAdoo Gordon
                                     McAdoo Gordon & Associates, P.C.
                                     1629 K Street, N.W.
                                     Suite 300
                                     Washington, DC  20006
                                     (202) 704-7388
                                     leslie.mcadoo@mcadoolaw.com

                                     *Attorney for Appellant McKinney*

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellant's Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Circuit Rule 32(a). Excluding the Table of Contents, Table of Authorities, the Glossary, the Addendum of Pertinent Statutes and Regulations, and counsel's Certificates, this Brief contains **4,918 words**, including footnotes. This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface in **Microsoft 365** using **Century, 14-point font**.

Dated:  June 10, 2024                    Respectfully submitted,


/s/ Leslie McAdoo Gordon
Leslie McAdoo Gordon
McAdoo Gordon & Associates, P.C.
1629 K Street, N.W.
Suite 300
Washington, DC  20006
(202) 704-7388
leslie.mcadoo@mcadoolaw.com

*Attorney for Appellant McKinney*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, copies of the foregoing Appellant's Brief were served by electronic means using the Court's CM/ECF system upon the following:

> Brian L. Schwalb
> Attorney General for the District of Columbia
> Caroline S. Van Zile
> Deputy Solicitor General
> Ashwin P. Phatak
> Principal Deputy Solicitor General
> Holly Michelle Johnson
> Assistant Attorney General
> Thais-Lyn Trayer
> Assistant Attorney General
> 400 6th Street, N.W.
> Washington, D.C. 20001

 /s/ Leslie McAdoo Gordon
 Leslie McAdoo Gordon

*Attorney for Appellant McKinney*

29